Ahren A. Tiller Esq. [SBN: 250608]
Email: ahren.tiller@blc-sd.com
Brett F. Bodie, Esq. [SBN: 264452]
Email: brett.bodie@blc-sd.com
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone: (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
BECHELER ROSEME

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BECHELER ROSEME<br>Plaintiff,<br>vs.<br>RADIUS GLOBAL SOLUTIONS, LLC<br>Defendant. | Case No.: '26CV6308 W BJW<br><br>**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1788.33); (2) VIOLATIONS OF THE FDCPA (15 U.S.C. § 1692 *ET SEQ.);* AND (3) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**<br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT FOR DAMAGES</u>

## INTRODUCTION

1. BECHELER ROSEME (hereinafter referred to as “Plaintiff”), by and through his Counsel of record, brings this action against RADIUS GLOBAL SOLUTIONS, LLC (hereinafter referred to as “RGS” or “Defendant”) pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automatic Telephone Dialing System

("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act Cal. Civ. C. §§ 1788-1788.33 ("RFDCPA"), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1] Cal. Civ. Code § 1788.17 incorporates the FDCPA into the RFDCPA, by stating that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt

[1] CA Civil Code §§ 1788.1(a)-(b)

Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

4. The Telephone Consumer Protection Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, ¶ 13, 105 Stat. 2394 (congressional findings, codified as note following 47 U.S.C. § 227). See also, *Mims,* 132 S. Ct., at 744.

6. As the Ninth Circuit stated in *Henderson v. United Student Aid Funds, Inc.*:

> Under the TCPA, it is unlawful to "to make any call (other than . . . with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). Telemarketers, debt collectors, and others obtain phone numbers consumers did not consent to be called on through skip tracing. … Therefore, if the numbers were also auto dialed, the calls violated the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii).
>
> *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1071-72 (9th Cir. 2019).

7. Further, as the United States District Court for the Central District of California explained in *Mata v. Veros Credit, LLC*, No. SA CV 16-98-DOC (JCGx), 2017 U.S. Dist. LEXIS 114373, at *9 (C.D. Cal. Jan. 20, 2017),

> It is sufficient for a plaintiff to allege the defendant used an "artificial or prerecorded voice" to place a call, "without any need to consider whether those plaintiffs also adequately alleged use of an ATDS." *Flores*, 2015 U.S. Dist. LEXIS 92176, 2015 WL 4340020, at *12; see also *Robinson v. Midland Funding, LLC*, No. 10CV2261, 2011 U.S. Dist. LEXIS

> 40107, 2011 WL 1434919 (S.D. Cal. Apr. 13, 2011) and *Reyes v. Saxon Mortgage Servs., Inc.*, No. 09CV1366, 2009 U.S. Dist. LEXIS 125235, 2009 WL 3738177, at *4 (S.D. Cal. Nov. 5, 2009)

8. Allegations of the use of an artificial or prerecorded voice to place a call are sufficient alone to properly plead a claim under the TCPA.

> The Vaccaro court held, and I agree, that "[b]ecause the provision is written in the disjunctive, plaintiffs can state a claim under the TCPA by alleging the use of (1) an 'artificial or prerecorded voice' or (2) an ATDS." 2013 U.S. Dist. LEXIS 99991, [WL] at *n. 2.; see also *Holcombe v. Credit Protection Ass'n, LP*, No. 14-cv-14, 2014 U.S. Dist. LEXIS 122054, 2014 WL 4252277, at *3 (M.D. Ga. Aug. 28, 2014); *Lardner v. Diversified Consultants Inc.,* No. 13-cv-22751, 17 F. Supp. 3d 1215, 2014 U.S. Dist. LEXIS 64205, 2014 WL 1778960, at *6 (S.D. Fla. May 1, 2014); *Vance v. Bureau of Collection Recovery LLC*, No. 10-cv-06342, 2011 U.S. Dist. LEXIS 24908, 2011 WL 881550, at *3 (N.D. Ill. March 11, 2011).
>
> *Warnick v. Dish Network LLC,* Civil Action No. 12-cv-01952-WYD-MEH, 2014 U.S. Dist. LEXIS 138381, at *36-37 (D. Colo. Sep. 30, 2014).

9. See also the United States Supreme Court's ruling in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1172 n.8 (2021) ("By contrast, Congress did impose broader prohibitions elsewhere in the TCPA. See, *e.g.,* 47 U.S.C. §§227(b)(1)(A) and (B) [prohibiting 'artificial or prerecorded voice' calls, irrespective of the type of technology used]").
10. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding himself, which are made and based upon personal knowledge.

## JURISDICTION AND VENUE

11. This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.33; the FDCPA found in 15 U.S.C. § 1692 *et seq.*; and the TCPA found in Title 47 of the United States Code Section 227, *et seq*.
12. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under both the

FDCPA and TCPA.

13. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

14. The unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.33.

15. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California. Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

16. Defendant is registered with the CA Secretary of State to do business in California.

## PARTIES

17. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

18. Plaintiff is a natural person from whom a debt collector sought to collect a covered debt (here, a consumer debt) that was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

19. Defendant RGS is a Minnesota limited liability company whose principal office was, and at all times mentioned herein is, located in Edina, Minnesota.

20. Defendant RGS is a debt collection company who, upon information and belief, collects upon consumer debts on behalf of original creditors in various industries including financial services.

21. Defendant RGS regularly attempts to collect on behalf of its clients, using the

mail, electronic communications, and the telephone, “consumer debts” allegedly owed to its clients, as that term is defined by Cal. Civ. Code §1788.2(f).

22. When individuals owe the clients of Defendant RGS consumer debts, Defendant RGS collects on those consumer debts allegedly owed to its clients through the mail, electronic communications, and via the telephone. For example, when individuals are delinquent on their debts owed to RGS’s clients, as part of its routine business RGS calls those individuals, sends them collection messages, letters by mail, and emails all seeking payment on the delinquent debt. Therefore, RGS is a “debt collector” as that term is defined by Cal. Civ. Code §1788.2(c) and engages in “debt collection” as that term is defined by Cal. Civ. Code §1788.2(b).

23. Therefore, Defendant RGS is a “debt collector” as that term is defined by Cal. Civ. Code §1788.2(c) and 15 U.S.C. § 1692a(6) and engages in “debt collection” as that term is defined by Cal. Civ. Code §1788.2(b).

24. Defendant is, and at all times mentioned herein was, a limited liability company and a “person,” as defined by 47 U.S.C. § 153(39).

25. Cal. Civ. Code § 1788.17 states that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code.

26. At all times relevant hereto, Defendant used, controlled, and/or operated an “automatic telephone dialing system” (“ATDS”) as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff’s cellular telephone using an automated or prerecorded voice (“Recorded Voice”) as that term is defined in 47 U.S.C. § 227(b)(1)(A).

27. This case involves money, property, or their equivalent, due or owing, or alleged to be due or owing from a natural person by reason of a “consumer credit transaction.” Thus, this action arises out of a “consumer debt” and “consumer credit” as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

28. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.
29. Prior to March 2026, RGS was retained by one of its clients to collect on a delinquent consumer debt allegedly owed by Plaintiff ("Debt"). The Debt was originally taken out for, and used for, personal and household expenses.
30. Upon being retained to collect on the Debt, agents for RGS began calling Plaintiff multiple times and requested payment using an ATDS and/or a Recorded Voice, often as many as twice per day.
31. The collection calls were made to Plaintiff's cellular telephone.
32. Plaintiff sought out and retained an attorney to represent him with regards to the Debt being collected upon by Defendant RGS.
33. On April 22, 2026, Plaintiff's Counsel drafted and submitted for mailing a Cease-and-Desist letter, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call him via the use of an ATDS and/or Recorded Voice, that Plaintiff had retained Counsel, and that RGS needed to cease calling Plaintiff pursuant to the RFDCPA ("April 22, 2026, Letter").
34. The April 22, 2026, Letter referenced the last four digits of Plaintiff's social security number next to his name to help RGS identify the Plaintiff's account.
35. The Letter informed RGS that Plaintiff was represented by Counsel and thus constituted written notice pursuant to 15 U.S.C. § 1692c(a)(2) and Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any and all debts allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and the Letters clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system, text, or other method, including but not limited to calls with a prerecorded or automated voice messages.

36. The April 22, 2026, Letter was sent to Defendant via Docsmit. Docsmit is a third-party company with no relation to Plaintiff or his Counsel. Docsmit's sole business is the sending of mail on behalf of customers. Docsmit provides a certificate of mailing and identifies the exact time a letter was sent.

37. Docsmit sent the April 22, 2026, Letter to:

Radius Global Solutions
7831 Glenroy Rd Ste 250
Edina, MN 55439-3117

38. Further, due to the calls not stopping, on August 5, 2026, Plaintiff's Counsel drafted and submitted for mailing another Cease-and-Desist letter, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call him via the use of an ATDS and/or Recorded Voice, that Plaintiff had retained Counsel, and that RGS needed to cease calling Plaintiff pursuant to the RFDCPA ("August 5, 2026, Letter"). Plaintiff's Counsel then sent a third Cease-and-Desist letter to RGS on August 16, 2026 ("August 16, 2026, Letter") (together with the April, 22, 2026 and August 5, 2026 Letter, the three (3) letters are collectively referred to as: "the Letters"). Each of the Letters referenced the last four digits of Plaintiff's social security number next to his name to help RGS identify the Plaintiff's account.

39. The Letters informed RGS that Plaintiff was represented by Counsel and thus constituted written notice pursuant to 15 U.S.C. § 1692c(a)(2) and Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any and all debts allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and the Letters clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system, text, or other method, including but not limited to calls with a prerecorded or automated voice messages.

40. Each of the Letters was sent to Defendant via Docsmit. Docsmit is a third-party

company with no relation to Plaintiff or his Counsel. Docsmit's sole business is the sending of mail on behalf of customers. Docsmit provides a certificate of mailing and identifies the exact time a letter was sent.

41. Docsmit sent the August 5, 2026, Letter to:

Radius Global Solutions
7831 Glenroy Rd., Ste. 250
Edina, MN 55439

And sent the August 16, 2026, Letter to:

Radius Global Solutions
7505 Metro Blvd., Ste. 400
Edina, MN 55439

42. Docsmit included with each mailing a certification of mailing, wherein Docsmit states:

> "*The information herein is certified by Docsmit.com, Inc. ("Docsmit") to be true and accurate as of the date and time this report was generated. All of the records relating to this communication were made at times proximate to those indicated. Docsmit has not permitted any of the parties hereto to modify the records.*"

43. The addresses the Letters were sent to are (1) the principal address RGS has registered with the California Secretary of State, and (2) the address RGS identifies on its website as its address as set forth below:

RADIUS GLOBAL SOLUTIONS LLC
(201712910103)

Request Certificate

| | |
|---|---|
| *Initial Filing Date* | 05/01/2017 |
| *Status* | Active |
| *Standing - SOS* | Good |
| *Standing - FTB* | Good |
| *Standing - Agent* | Good |
| *Standing - VCFCF* | Good |
| *Formed In* | MINNESOTA |
| *Entity Type* | Limited Liability Company - Out of State |
| *Principal Address* | 7831 GLENROY RD STE 250<br>EDINA, MN 55439 |




44. Therefore, RGS received all three (3) of the April 22, 2026, August 5, 2026, and August 16, 2026, Letters.

45. However, despite receipt of the Letters referenced above, which states that Plaintiff had revoked consent to be called via a Recorded Voice and had retained counsel regarding the subject debts, representatives of RGS have continued to call Plaintiff more than approximately fifty (50) times since April 22, 2026, on his cellular telephone via the use of Prerecorded Voice messages. RGS continued calling Plaintiff even after it received the two (2) additional August 5th and August 16, 2026, Letters as well.

46. Plaintiff alleges that RGS called Plaintiff in excess of approximately fifty (50) times total after receipt of the Letters, often multiple times in a single day, based on his recollection of the frequency of calls, as well as the records of calls that he has in his possession.

47. RGS, or its agents or representatives, have contacted Plaintiff on his cellular telephone over approximately fifty (50) times since April 22, 2026, including using an artificial and/or recorded voice.

48. RGS called Plaintiff from numbers identified on Caller ID as (833) 928-2039,

(833) 977-0300, and (866) 613-2085, among others.

49. On a number of occasions, Plaintiff answered the phone and heard robotic automated artificial intelligence voices calling regarding his outstanding RGS Debt, and said artificial voice messages informed Plaintiff he was delinquent on the RGS Debt and immediate payment was requested.

50. Additionally, sometimes Plaintiff answered calls from Defendant and there was a delay before the line made a sound, indicative of the use of an artificial or prerecorded voice by RGS.

51. Furthermore, on a number of occasions, Plaintiff received calls from RGS and when he answered there was no one present on the line at first, indicative of the use of an automated and/or prerecorded telephone system.

52. Sometimes when Plaintiff did not answer a call from RGS, Plaintiff then received multiple calls in rapid succession from RGS, indicative of the use of a computerized phone system.

53. Plaintiff recalls answering some of the calls from RGS and after a brief period of no response, an automated voice came on the line and began delivering what seemed to be a scripted artificial robotic collection message. On those occasions, Plaintiff subsequently terminated the call.

54. According to Plaintiff's recollection, the multiple calls contained an automated robotic type voice and were identical to the previously scripted calls, which is indicative of a prerecorded voice message using what appeared to be a computerized automated voice used in an attempt to collect upon the subject debt.

55. Thus, some of the Defendant's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

56. The multiple calls made by Defendant or its agents after April 22, 2026, were therefore made in violation of 47 U.S.C. § 227(b)(1).

57. Despite receipt of Plaintiff's Attorney's Letters sent to Defendant's addresses, instructing Defendant to cease calling Plaintiff's cellular telephone via the use of

a Recorded Voice, which provided irrefutable notice that Plaintiff had revoked consent to call his cellular telephone by any means and that he had retained Counsel regarding these alleged debts, Defendant RGS continued to contact Plaintiff repeatedly.

## CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

## Violations of the Fair Debt Collection Practices Act

## (15 U.S.C. § 1692, *et seq.*)

58. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

59. 15 U.S.C. § 1692c(a)(2) provides in pertinent part,

> (a) Communication with the consumer generally
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt
>
> > (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;…

60. Further, 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

61. When Plaintiff's Counsel sent the Letters to Defendant RGS, RGS was actually aware, or reasonably should have been aware, that Plaintiff was represented by an

attorney.

62. By calling Plaintiff on his cellular phone over approximately fifty (50) times after receipt of the April 22, 2026, Letter from Plaintiff's Counsel, Defendant violated 15 U.S.C. § 1692c(a)(2).

63. Further, by calling Plaintiff over approximately fifty (50) times in total, often multiple times in a single day, Defendant violated 15 U.S.C. § 1692d(5).

64. As a result of the constant collection calls by Defendant RGS, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant and harassing collection calls by Defendant RGS are overwhelming. Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of 15 U.S.C. § 1692 *et seq*.

65. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

## II.
## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## (Cal. Civ. Code §§ 1788-1788.33)

66. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

67. When Plaintiff's Counsel sent the April 22, 2026, August 5, 2026, and August 16, 2026 cease-and-desist Letters ("the Letters") to RGS, Defendant RGS was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

68. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a covered debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account,

> with the debtor with regard to the covered debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by the attorney with respect to the covered debt and the notice includes the attorney's name and address and a request by the attorney that all communications regarding the covered debt be addressed to the attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply if prior approval has been obtained from the debtor's attorney, or if the communication is a response in the ordinary course of business to a debtor's inquiry.

69. By calling Plaintiff on his cellular phone over approximately fifty (50) times after receipt of the April 22, 2026, Letter from Plaintiff's Counsel, RGS violated Cal. Civ. Code §1788.14(c).

70. As a result of the constant collection calls by RGS, Plaintiff has experienced stress and irritability, as the constant and harassing collection calls by RGS were overwhelming. Therefore, Plaintiff has suffered actual damages as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

71. Further, as stated previously, Cal. Civ. C. § 1788.17 incorporates the FDCPA into the Rosenthal Fair Debt Collection Practices Act, therefore if an individual violated 15 U.S.C. § 1692d, they in turn violate the RFDCPA.

72. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

73. Defendant's acts of calling Plaintiff over approximately fifty (50) times, often multiple times per day, were a separate violation of 15 U.S.C. § 1692d(5), which is incorporated into the RFDCPA via Cal. Civ. C. § 1788.17.

**III.**

**THIRD CAUSE OF ACTION**

**WILLFUL AND/OR NEGLIGENT VIOLATIONS OF THE TCPA**

**(47 U.S.C. § 227, *et seq.*)**

74. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

75. Through the Letters sent by Plaintiff's Counsel, Plaintiff revoked any alleged consent for RGS or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice, or by text message.

76. The foregoing acts and omissions of RGS constitute numerous and multiple negligent and/or willful violations of the TCPA, including but not limited to every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

77. As a result of RGS's knowing and/or willful violations of 47 U.S.C. §227, *et seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages for every one of RGS's over approximately fifty (50) knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3).

78. As a result of RGS's negligent violations of 47 U.S.C. §227, *et seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

79. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant Radius Global Solutions LLC herein, respectfully requests this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

c. As to the Second Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) and statutory damages pursuant to Cal. Civ. Code § 1788.30(b);

d. As to the Second Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

e. As to the Third Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B); and $1,500.00 in statutory damages for each and every one of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3);

f. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

g. For such other and further relief as the Court may deem just and proper.

Dated: November 4, 2026 , By: BLC Law Center, APC

*s/ Ahren A. Tiller*
Email: ahren.tiller@blc-sd.com

Ahren A. Tiller, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by a jury.

Dated: November 4, 2026 By: BLC Law Center, APC

*s/ Ahren A. Tiller*
Email: ahren.tiller@blc-sd.com

Ahren A. Tiller, Esq.
Attorney for Plaintiff